IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| DARREN RAY STIBBENS, <br> TDCJ #688466, <br>     Petitioner, <br><br> v. <br><br> RICK THALER, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br>     Respondent. | Civil No. 7:12-CV-096-O-BL |

## REPORT AND RECOMMENDATION

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 by an inmate confined in the Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. The Petitioner, Darren Ray Stibbens, seeks to challenge the validity of prison disciplinary action no. 20110234497 which was taken against him at the Allred Unit. *Petition* ¶ 17.

A *pro se* action may be dismissed if it seeks to litigate claims premised upon substantially the same facts arising from a common series of events upon which the litigant has relied in a previous lawsuit, including an action that remains pending. *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir.1989). Stibbens seeks to challenge the validity of the same disciplinary action that he challenges in his previously filed and currently pending habeas case, *Stibbens v. Thaler*, No. 7:12-CV-063-O-BL (N.D. Tex. - Wichita Falls Division). He has also set forth the same grounds for relief as submitted in the earlier petition. Thus, it is clear that the case at bar constitutes repetitive litigation and should be dismissed. *See Pittman v. Moore*, 980 F.2d at 995.

Moreover, the instant action constitutes a successive habeas petition which was filed without permission from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651 (1996).

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be DISMISSED.

Copies of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED this 28th day of June, 2012.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE